IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM KIMBLE JR.,            )
                               )
        Plaintiff,              )
                               )
        v.                      )      1:18CV721
                               )
JESSICA HILL,                   )
                               )
        Defendant(s).           )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.  Plaintiff names Jessica Hill as the only Defendant, but makes no specific allegations as to her or her role in the events alleged in the Complaint. Plaintiff must sue the persons who actually violated his rights and explain how he believes they did so.

3.  Plaintiff's claims are not clear. To at least some extent, he attempts to base his claims on allegations of "Negligence." However, § 1983 covers only intentional deprivations of federal rights, not negligence. Moreover, Plaintiff's allegations are that personnel in the Cabarrus County Clerk's Office did not provide him with multiple free copies of documents that he sought for use in a legal action he was pursuing in another county. He alleges that that the Clerk's Office failed in their "duty to assist me of whatever I may need as long as I have a case file number," and that this caused him to lose the action in the other county. However, Plaintiff does not set out any

basis for his contention that the Clerk's Office would have such an unlimited duty or obligation. It may be that Plaintiff is attempting to state a claim for denial of access to the courts. However, even if that is his intent, Plaintiff does not have an unlimited right to access the courts. "Most federal courts of appeals have imposed an 'injury' requirement on prisoners raising access to courts claims." Strickler v. Waters, 989 F.2d 1375, 1383 n.10 (4th Cir. 1993) (citing cases). To meet the injury requirement, Plaintiff must show that Defendants' actions actually deprived him of the ability to pursue nonfrivolous claims. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim; the prisoner must demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded. Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.), aff'd, 103 F. App'x 505 (4th Cir. 2004) (citing Lewis, 518 U.S. 354-55). Here, Plaintiff does not describe the circumstances of his claim and its dismissal with any sufficient detail. Therefore, Plaintiff does not currently allege facts establishing that he was denied access to the courts.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 31st day of October, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge